IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA N. B.,[1] ) <br> ) <br>     **Plaintiff,** ) <br> ) <br>     v. ) <br> ) <br> KILOLO KIJAKAZI, Acting ) <br> Commissioner of Social Security, ) <br> ) <br>     **Defendant.** ) <br> ) | No. 22 C 6912 <br><br> Magistrate Judge <br> Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Cynthia N. B.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 11] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 19] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the initials of her last name.

# BACKGROUND

## I. PROCEDURAL HISTORY

On June 19, 2019, Plaintiff filed a claim for DIB, alleging disability since November 1, 2014. Plaintiff's alleged onset date was later amended to December 19, 2017. Following a hearing held on September 19, 2020, the Administrative Law Judge ("ALJ") denied Plaintiff's claim for benefits on November 4, 2020, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then remanded the matter on May 14, 2021. A telephonic remand hearing was held on October 18, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On June 30, 2022, the ALJ again denied Plaintiff's claim for benefits, finding her not disabled under the Act. The Appeals Council then denied Plaintiff's request for review, leaving the ALJ's June 30, 2022 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

In the ALJ's June 30, 2022 decision, Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff did not engage in substantial gainful activity during the period from her amended alleged onset date of December 19, 2017 through her date last insured of

2

December 31, 2020. At step two, the ALJ concluded that Plaintiff had the following severe impairments: migraine headaches; type II diabetes mellitus; obesity; major depressive disorder; and generalized anxiety disorder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

    Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: is limited to never climbing ladders, ropes, or scaffolds; no work around extremes of heat, high noise levels, heavy levels of vibration, heavy levels of respiratory irritants, or hazards, such as open, moving machinery or unprotected heights; and can understand, remember, carry out, and exercise judgment for simple tasks. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as an assistant director of funds development or financial aid counselor. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that she was not disabled under the Social Security Act at any time from the alleged onset date through the date last insured.

# DISCUSSION

I. **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

4

## II.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

6

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to properly develop the record with interrogatories submitted by Plaintiff; and (2) the ALJ failed to properly evaluate Plaintiff's migraine headaches.

Plaintiff's first argument pertains to the physical examination performed by Dr. Stefan Litzenberger after the October 2021 hearing. Following the issuance of Dr. Litzenberger's report in April 2022, Plaintiff's counsel requested that certain interrogatories be sent to the doctor. (R. 556-558.) The ALJ denied that request, finding that the "interrogatories are duplicative and already addressed by Dr. Litzenberger's report." (*Id.* at 17.) Plaintiff argues that the ALJ failed to properly develop the record by refusing to submit the interrogatories. The Court rejects that contention. Although an ALJ has a duty to fully and fairly develop the record, "the Seventh Circuit has also indicated that it will generally defer to the ALJ's reasoned judgment as to when further inquiry is warranted." *Taimisto v. Colvin*, No. 14 CV 50167, 2016 WL 3059119, at *8 (N.D. Ill. May 31, 2016) (citations omitted). In keeping with that deference, the Court finds that the ALJ acted within his discretion in declining Plaintiff's interrogatories as duplicative. Further, the Court finds that Plaintiff has not sufficiently explained why the interrogatories were necessary to fully develop an already extensive record. *See id.* ("[Plaintiff] proposed that the ALJ could submit medical interrogatories to Dr. Sreenivasappa. However,

7

she has not marshalled the evidence to show why it is reasonable to suppose Dr. Sreenivasappa would offer any opinions different from those already provided.").

For the first part of her second argument, Plaintiff contends that the ALJ erred by failing to evaluate whether her migraine condition met Listing 11.02, which is the listing for epilepsy that may be met in the context of migraines when the migraines occur with the debilitating frequency of epileptic seizures. The Court rejects Plaintiff's argument in that regard. As an initial matter, the ALJ properly noted that no acceptable medical source had concluded that Plaintiff's impairments medically met or equaled a listed impairment. (R. 21.) Furthermore, and in any event, as a general matter, alleged errors in an ALJ's step three analysis will not warrant remand if the ALJ's decision otherwise fulsomely assesses a claimant's physical and mental limitations. The Court finds that the ALJ did so here. Accordingly, the Court finds Plaintiff's arguments pertaining to step three unavailing. *See Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2015) ("[T]he ALJ provided the discussion of Curvin's severe and non-severe impairments, the objective medical evidence, and her credibility directly after step 3 when he determined her RFC. This discussion provides the necessary detail to review the ALJ's step 3 determination in a meaningful way. We do not discount it simply because it appears elsewhere in the decision. To require the ALJ to repeat such a discussion throughout his decision would be redundant.").

Finally, Plaintiff argues that the ALJ failed to properly evaluate her migraines at step four. As Plaintiff correctly points out, migraines are a

8

"challenging impairment that regularly arises in disability claims" because migraines "are not subject to objective verification." (Pl.'s Memo. at 12.) And Defendant herself concedes that "[b]ecause migraines evade diagnostic or objective corroboration, they make for difficult matters in disability cases." (Def.'s Memo. at 10.) Nevertheless, in this case, the primary reasoning the ALJ offered for finding that Plaintiff's migraines were not disabling was that "the objective medical evidence of record fails to provide support for the claimant's allegations of disabling symptoms and limitations" because "[d]espite the claimant's allegations of disabling migraine headache pain, diagnostic testing of record has revealed relatively mild findings." (R. 24.) Along those lines, the ALJ reasoned that MRIs "of the claimant's brain from 2016 and 2019 both revealed normal findings." (*Id.*)

The Court finds that the ALJ's reasoning in that regard constitutes error. Indeed, in a situation in which an ALJ relied on "unremarkable" MRI findings in the context of migraines, the Seventh Circuit has explained:

> Doctors use MRIs *to rule out other possible causes of headache* – such as a tumor – meaning that an unremarkable MRI is completely consistent with a migraine diagnosis. . . . This mistaken reading of the evidence illustrates why ALJs are required to rely on expert opinions instead of determining the significance of particular medical findings themselves.

*Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014), *as amended on denial of reh'g* (Oct. 24, 2014). In keeping with this authority, the ALJ in this case erred in relying on a lack of objective medical evidence and normal MRI findings.

The ALJ's apparent misunderstanding of how migraines are diagnosed and treated extended to the ALJ's evaluation of multiple medical opinions. The ALJ rejected several work-preclusive opinions rendered by Dr. Veronica Davis because

9

the opinions were based on Plaintiff's "subjective reporting and not consistent with the medical evidence of record." (R. 29-30.) That reasoning is flawed because the diagnosis and treatment of migraines necessarily "rests heavily on an assessment of the claimant's subjective symptoms." *Dennie K. K. v. Comm'r of Soc. Sec.*, No. 21-CV-01188, 2022 WL 17830498, at *4 (S.D. Ill. Dec. 21, 2022). As for Plaintiff's subjective complaints, the ALJ discounted Plaintiff's allegations largely because Plaintiff "has engaged in a somewhat normal level of daily activity." (R. 27.) That reasoning is also flawed because, as Plaintiff points out, when a claimant is not suffering from a migraine, her functioning may be wholly unimpaired. *See Gould v. Kijakazi*, No. 21-CV-308, 2022 WL 541511, at *3 (E.D. Wis. Feb. 23, 2022) ("[W]hen assessing a claimant's activities of daily living . . . the fact that she reports often engaging in robust activities is not as probative in the context of migraines as it may be with, for example, certain common physical impairments.").

Ultimately, with respect to the ALJ's assessment of Plaintiff's migraines, the Court agrees with Plaintiff that the ALJ erred in basing "his determination heavily on a lack of objective evidence and Plaintiff's doctor's reliance on subjective complaints." (Pl.'s Memo. at 12.) The Court concludes that the ALJ's errors in that regard require that this matter be remanded.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 11] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 19] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**             **ENTERED:**

**DATE:**    **July 19, 2023**            _____
                                                       **HON. MARIA VALDEZ**
                                                       **United States Magistrate Judge**